# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

vs.                                                       Civil No. 00-995 LH/WWD
                                                    Crim. No. 98-652 LH

JOSE ANTONIO CARRASCO,

       Defendant/Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. This matter comes before the Court upon the motion of Defendant/Movant under 28 U.S.C. §2255, filed July 10, 2000. Petitioner pled guilty to drug charges under 21 U.S.C. § 346 (Count I), and § 841(a)(1), § 841(b)(1)(C) (Count II).

*Plea Proceedings*

    2. On January 8, 1999, Carrasco appeared before the Hon. William W. Deaton, United States Magistrate Judge, was placed under oath and consented to having a magistrate judge take his plea. Petitioner acknowledged having been advised as to the possible penalties which could be imposed on him in connection with the charges against him, was advised of his right to a jury trial and the protections that would accompany such a trial and advised as to elements of the offense which would have to be proved to convict him. Carrasco then, voluntarily, entered pleas of guilty to the charges against him. A factual basis was established for the pleas, and a presentence

report was ordered. Carrasco indicated that he understood the proceedings, and that the sentencing guidelines could not be determined until a presentence report was prepared. He also indicated that no one had threatened him or promised him anything in order to get him to enter a guilty plea.

*Sentencing*

3. At his sentencing before the Hon. James A. Parker, United States District Judge, on June 29, 1999, Carrasco and his counsel were told that the sentencing range on Count 1 of the indictment was from 262 to 327 months, and Carrasco and his counsel each agreed that the guidelines were being properly applied.. Judge Parker asked if there had been any attempt at reducing the sentence through cooperation with the government, and the assistant United States Attorney indicated that the attempt had been made and it had failed because the information given by Carrasco was incomplete or untrue. After discussing the proposed sentence, Judge Parker asked counsel if they had any comments or any reasons why sentence should not be imposed, and neither counsel had such comments or reasons, Carrasco was then sentenced to 262 months on Count I of the superceding indictment and 240 months on Count II, with the sentences to run concurrently. Carrasco was advised of his right to appeal at the time of his sentencing.

4. Petitioner alleges the following grounds for relief:

(1) ineffective assistance in failing to pursue an appeal or to seek to withdraw Carrasco's plea after Carrasco received a sentence in excess of fifteen years, where counsel allegedly told Petitioner that if he were to plead guilty, he would receive a sentence between eleven and fifteen years, or, that if he did not plead guilty he might get a life sentence;

(2) ineffective assistance in improperly persuading Carrasco to sign papers indicating that Carrasco waived a conflict of interest which his counsel had in representing him and other defendants;

2

(3) various challenges to his plea based on the recent U.S. Supreme Court decision, Apprendi v. N.J., 120 S.Ct. 2348 (Jun. 26, 2000);

(4) ineffective assistance in forcing Carrasco to confer with the prosecution without his counsel being present and in improperly instructing Carrasco as to what information to reveal in his "safety valve" meetings with the government;

(5) involuntary plea based on limited understanding of the English language.[1]

*Standards to be Applied - Ineffective Assistance*

5.  Strickland v. Washington, 466 U.S. 668 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel, as in the instant case. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. at 370. To prevail under Strickland, a petitioner must show both (1) that counsel's performance was deficient and (2) that this deficiency prejudiced appellant's defense. Strickland, 466 U.S. at 687; Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir.1994).

6.  A petitioner can establish the first prong of the Strickland test by showing that the attorney's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases. Gillette, 17 F.3d at 310. See Hill v. Lockhart, 474 U.S. 52, 56 (1985). A court's review of the attorney's performance must be highly deferential. Strickland, 466 U.S. at 689.

7.  The United States (hereinafter "Respondent") claims that Carrasco's claims are procedurally barred as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") unless he can demonstrate that he was given ineffective assistance by his counsel, which is the way that Carrasco's claims have been structured. Respondent claims that Carrasco suffered no prejudice by the failure of his counsel to take an appeal from his conviction; and, further, that Carrasco, at a Rule 44 hearing on October 23, 1998, specifically waived under

---

[1] Petitioner formally raised two grounds in his initial brief, but he raised these last two issues in his "Relevant Facts" section which I liberally construe as additional grounds.

oath any conflict with his attorney's representation of a co-defendant.

**First Alleged Error - Failure to Appeal**

8. Petitioner alleges ineffective assistance in failing to pursue an appeal or to seek to withdraw Carrasco's plea after Carrasco received a sentence in excess of fifteen years, where counsel allegedly told Petitioner that if he were to plead guilty, he would receive a sentence between eleven and fifteen years, or, that if he did not plead guilty he might get a life sentence.

9. Joe Ed Boaz, co-counsel for Carrasco, states under oath that Carrasco never asked that an appeal be taken from his conviction, nor did Carrasco indicate that he wished to withdraw his guilty plea. Resp., Ex. E (attachment). Boaz also states under oath that Carrasco was never told to expect an specific sentence, and Boaz attaches a post-sentencing letter from Carrasco which does not raise any question about an appeal or about a promised specific sentence. Id. Mario A. Esparza, also counsel for Carrasco, corroborates under oath Boaz' statements about not taking an appeal. Esparza further states in his affidavit that Carrasco had rejected a plea offer made by the United States. Id.

10. In failing to file a notice of appeal when asked to by a client, counsel is deficient only in failing to follow the express wishes of the client. See Roe v. Flores-Ortega, 528 U.S. 470 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969). Although prejudice is presumed if counsel's deficient performance led to actual forfeiture of appeal, evidence that a defendant expressed an interest in appealing is insufficient to establish that he would have filed the appeal had he received counsel's advice. Id. Other factors come into play before a petitioner can meet the prejudice requirements for an ineffective assistance claim, such as whether there were nonfrivolous grounds, and whether a plea was involved. Id. (guilty plea is a "highly relevant

factor" because a plea reduces the scope of potentially appealable issues).

11. Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary. See Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. den., 115 S.Ct. 2591 (1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)). Inasmuch as Petitioner alleges an insufficient factual basis for his plea, the evidence presented in the presentence report and his allocution clearly proves there is no basis to the allegation. Resp., Exs. C, D, Ex. E at 4, Petitioner's insufficiency of the evidence claim therefore fails because he entered a plea of guilty for which a factual basis exists. See United States v. Barnhardt, 93 F.3d 706, 710 (10th Cir.1996) (quoting Fed.R.Crim.P. 11(f))("The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea").

12. Petitioner's contention that he asked counsel to appeal is not convincing and is inconsistent with not only several affidavits by counsel but his own post-sentencing letter of appreciation written to his lawyer. See Resp., Ex. E attachments. However, even assuming Carrasco did ask counsel to appeal, based on the circumstances in this case and the law under Roe, I do not find that this claim of ineffective assistance has merit not only because any appeal would have been frivolous, but also because Petitioner cannot demonstrate prejudice from the failure to appeal.

13. Petitioner alleges that he did not knowingly enter into his plea because he was told he would be sentenced to only 11 to 15 years. Because a miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance, see U.S. v. Williams, 118 F.3d 717, 718 (10th Cir.), cert.denied, 118 S.Ct. 636 (1997), this allegation alone does not

5

render his plea involuntary. Further, considering the three level reductions he received as a result of plea negotiations, see Ex. D., at 11, ¶¶ 41, 42, entering a plea of guilty drastically reduced his potential exposure to a higher base offense level (from 42 to 39) and a guideline imprisonment range of 360 months to life.  In order to demonstrate prejudice as a result of counsel's deficient performance, Petitioner must show that there is a reasonable probability that, but for counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." Gonzales v. Tansy, unpubl. opin., 65 F.3d 178 (10th Cir. 1995).  Carrasco can hardly argue that counsel's ineffectiveness prompted him to take a deal that was less advantageous to him.  See Roe, 528 U.S. 470 (2000) (noting that in a plea situation, one factor court considers in ineffectiveness claim is whether defendant received the sentence bargained for).

14. Petitioner also alleges that counsel was ineffective in failing to appeal on the basis that he had wished to withdraw his plea.  The circumstances in this case do not merit consideration under any of the factors for withdrawal of plea set out in U.S. v. Killingsworth, 117 F.3d 1159, 1161-62 (10th Cir. 1997).  This allegation is as frivolous as the others, and as suspect as his purported request to file an appeal: even after he was aware of the possible 40-year sentence at the plea hearing, Petitioner never informed the Court at that time or afterwards at sentencing that he had wished to withdraw his plea.  If Petitioner now regrets his plea after sentencing, it comes too late to affect the plea's finality.  See Hill v. Lockhart, 474 U.S. 52 (1985).

15. Accordingly, Petitioner should be denied relief on all of the above issues in the first alleged error.

**Second Alleged Error - Conflict of Interest**

16. Petitioner alleges ineffective assistance in improperly persuading Carrasco to sign

papers indicating that Carrasco waived a conflict of interest which his counsel had in representing him and other defendants.  Although Carrasco contends otherwise, the district court *did* order a Rule 44 hearing, held on October 23, 2000 before the Hon. Joe H. Galvan, United States Magistrate Judge.  Resp., Ex. B.

17. At the hearing the Respondent advised the Court that it had misgivings about the joint representation of Carrasco and a co-defendant for the reason that the two might have different degrees of culpability and that a conflict of interest between the two might arise.  Carrasco signed an affidavit indicating that he waived any conflict of interest that might arise from his being represented by the same counsel as his co-defendant.   Judge Galvan fully advised Carrasco of the import of his signing the waiver, his right to separate counsel, his probable loss of the possible issue on appeal, etc., and Carrasco, in open court and on the record indicated that he had signed the waiver and that he wished to make the waiver of joint representation.

18. Relief should be denied on this ground also.

**Third Alleged Error -** *Apprendi* **challenges**

19. Petitioner asserts various challenges to his plea based on the recent U.S. Supreme Court decision, Apprendi v. N.J., 120 S.Ct. 2348 (Jun. 26, 2000).  The Government has responded separately to these claims which were presented in Petitioner's supplemental brief:

> (1) neither the court, his counsel, nor the U.S. Attorney advised Carrasco as to the elements of the crime with which he was charged;
> (2) that in this plea which occurred before the U.S. Supreme Court's decision in Apprendi vs. New Jersey, 120 S.Ct. 2348 (2000),  the court failed to advise Carrasco that the amount of drugs involved was an element of the offense which would have to be proved beyond a reasonable doubt in a jury trial;
> (3) that a preponderance of the evidence standard was used by the court in considering drug quantity at the time of sentencing after a guilty plea;
> (4) that under Apprendi, supra, the sections under 21 U.S.C. §841 used in sentencing

7

Carrasco are unconstitutional;

(5) that he is innocent of the charge to which he entered a guilty plea for the reason that the quantity of cocaine involved in his offense was 425.7 grams and not 500 or more grams under 21 U.S.C. §841(b)(1)(B).

20. Apprendi mandates that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. Thus, Apprendi becomes an issue only when a defendant receives a sentence beyond the prescribed statutory maximum. Such is not the case here.

21. Because Petitioner waived his right to a jury by entering a plea, he also waived his right to have the jury make findings regarding drug quantities which formed the basis for his conviction. See e.g., U.S. v. Walker, 228 F.3d 1276, 1278 n.1 (11th Cir. 2000) (noting that defendant lost right to appeal based on Apprendi when he pled guilty and accepted the contents of presentence report). In this case, there is a sufficient factual basis for the drug quantities to which he expressly pled.

22. Petitioner pled guilty to Count I of the Indictment, which was Conspiracy to Possess With Intent to Distribute Amphetamine, and Possession With Intent to Distribute More Than 500 Grams of Cocaine, in violation of 21 U.S.C. § 846. Since a conviction under § 846 is subject to the same penalties as those prescribed for the offense, the maximum statutory term of imprisonment is 40 years. 21 U.S.C. § 841(b)(B)(ii).

23. Carrasco also pled guilty to Possession With Intent to Distribute Amphetamine, in violation of 21 U.S.C. § 841(a)(1)(C), which does not specify drug quantity and which the sentencing court acknowledged to carry a statutory maximum of 240 months. See Ex. E at 10-11

("Count II stops you at 240 months.").[2]

24. Petitioner's allegation that his plea is invalid because counsel failed to advise him that the drug amounts were an element of the crime is meritless.  Count II in the Indictment, to which he pled guilty clearly specifies the amount of drugs as "500 grams or more" of cocaine. See docket # 57 at 2, Crim. No. 98-652 LH.  In addition, in open court, Carrasco admitted to possession and distribution of amphetamine and cocaine.  Ex. C (plea hearing) at 20.

25.  These admissions bring his conviction squarely under § 841(b)(1)(B), allowing a statutory maximum term of imprisonment of 40 years and making his 262-month sentence on that count under the statutory maximum.  Petitioner has not shown his plea to have been invalid due to ineffective assistance, and cannot now recant his plea.  See Worthen v. Meachum, 842 F.2d 1179, 1185 (10th Cir. 1988) ("Solemn declarations in open court carry a strong presumption of verity"), overruled on other grounds , Coleman v. Thompson, 501 U.S. 722 (1991) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

26. Thus, Petitioner's sentence did not exceed the statutory maximum for the charges in the Indictment to which he validly pled guilty. The sentence of 262 months on Count I was well below the statutory maximum for § 841(b)(1)(B)), as was the 240 months on Count II, which also did not exceeding the statutory maximum for §841(b)(1)(C).  See e.g., U.S. v. Munoz, 2000 WL 1738693 (6th Cir. Tenn.); U.S. v. Garner, 2000 WL 1718605 (4th Cir. N.C.); U.S. v. Flowal, 2000 WL 1808565 *3 (6th Cir. Ky) (sentence was not beyond the statutory maximum for charge in indictment to which defendant pled); U,S. v. Smith et al, 2000 WL 1520625 n.1 (4th Cir. Va.)

---

[2] The presentence report was corrected to read § 841(b)(1)(C) instead of  § 841(b)(1)(A). See Ex. D, at 1 & 16, ¶ 69; Ex. E, 9-10.

(considering Apprendi, and finding that, because the Appellants pled guilty to an indictment charging them with a conspiracy to distribute fifty grams or more of crack cocaine, they were properly sentenced under 21 U.S.C.A. § 841(b)(1)(A)).

27. Based on the foregoing discussion, Apprendi does not apply to Petitioner's case nor does it affect his sentencing. Therefore, I need not address the remainder of the Apprendi issues raised by Petitioner, although I note that Respondent's argument against the retroactivity of Apprendi appears to be consistent with the reasoning in other circuits that have addressed the issue and which hold that Apprendi is not to be applied retroactively. See e.g. In Re Benhurshan JOSHUA, Petitioner, 224 F.3d 1281 (11th Cir. 2000) (no retroactivity to cases on collateral review); Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000); Jones v. M.L. Smith, Warden, et al., 231 F 3d 1227 (9th Cir 2000).

**Fourth Alleged Error - Right to Counsel**

28. Petitioner alleges ineffective assistance of counsel in being forced to confer with the prosecution without his counsel being present and in improperly instructing Carrasco as to what information to reveal in his "safety valve" meetings with the government.

29. Respondent states that Carrasco was debriefed by the Drug Enforcement Administration on November 5, 1998, but that he had agreed that his counsel need not be present. During that debriefing Carrasco refused to divulge the last name of his El Paso drug supplier, and he provided untrue and complete information to the DEA after having been advised of the importance of complete and truthful answers as well as the necessity of disclosing the involvement of others. Accordingly, the Respondent did not move to have the Court reduce its sentence based upon "substantial assistance to the government." Carrasco does not dispute the Respondent's

account of his debriefing session with the DEA.

30. Petitioner does not state a ground for relief that is cognizable under federal habeas, because he did not have a Sixth Amendment right to counsel during negotiations with the Government for sentence reduction, as it was not a trial-related proceeding. See U.S. v. Palomo, 80 F.3d 138, 141 (5th Cir. 1996).

31. I also note that the presentence report states that Carrasco also did not meet the criteria for this two-level reduction because he was "an organizer and was in constructive possession of two loaded firearms at the time of his arrest." Ex. D, at 11, ¶ 36. at 11.[3]

32. Petitioner should be denied relief on this ground.

**Fifth Alleged Error - Understanding Plea**

33. Petitioner alleges that his plea was involuntary based on his limited understanding of the English language. There is no merit to this allegation. The sentencing court made specific inquiries into whether Petitioner understood English and whether an interpreter was needed. Petitioner stated that he did not need an interpreter, and also stated that he read and discussed the presentence report with his attorney. Ex. E, at 3-4.

## Conclusion

34. In sum, I find there is no merit to any of Petitioner's ineffective assistance claims, no merit to any of his allegations that his plea was involuntary or unknowing, and find that Apprendi is not applicable to his case since Petitioner's sentence is under the statutory maximum.

---

[3] Under USSG S 5C1.2, or the "safety valve" guideline, *all* five criteria must be met for a defendant to be eligible for the reduction. For example, the defendant cannot be an "organizer, leader, manager, or supervisor of others in the offense. . . ." U.S. v. Verners, 103 F.3d 108, 110 n.4 (10th Cir. 1996).

**Recommendation**

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE